IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| KAREN NICHOLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14-3093-CV-S-REL-SSA |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER OF DISMISSAL WITH PREJUDICE

This case is a few days shy of 17 months old. Plaintiff filed a motion for leave to proceed in forma pauperis on March 5, 2014. That motion was granted the same day. On March 24, 2014, plaintiff filed her complaint. On October 20, 2014, the government filed the administrative record. That same day I entered a scheduling order directing plaintiff to file her brief by December 1, 2014. On December 1, 2014, plaintiff filed a motion for additional time which was granted; and the deadline was extended to January 2, 2015. On January 5, 2015 (three days after the deadline), plaintiff filed a motion for additional time. That motion was granted and the deadline was extended to February 2, 2015.

February 2, 2015, came and went. On February 23, 2015, my law clerk sent an email to plaintiff's counsel reminding him of the February 2, 2015, deadline. On March 2, 2015 (one month after plaintiff's brief had been due), I entered the first show-cause order directing plaintiff to show cause in writing by March 9, 2015, why this case should not be dismissed for failure to prosecute. Later that day, plaintiff's counsel filed a motion for additional time to file plaintiff's brief. The motion stated in part as follows:

"[A]dditional time is needed to prepare and file Plaintiff's Brief because the Attorney for Plaintiff replaced paralegal staff members assigned to this matter, and client files were not updated during that time, which occurred during a holiday, as well as during inclement weather." The motion for additional time to file the brief was granted, and the deadline was extended to April 1, 2015.

April 1, 2015, came and went. On May 1, 2015, my law clerk emailed plaintiff's counsel reminding him of the missed deadline. On May 6, 2015 -- after receiving no response from plaintiff's counsel -- I entered the second show-cause order which outlined the history of the case and included the following:

> I am keenly aware of the high volume of disability cases currently facing not only the court but plaintiffs' lawyers as well and have routinely been as lenient as possible with granting extensions of time when requested as a result. However, these cases must stay on a briefing schedule.

Plaintiff was ordered either to file her brief, file a motion requesting more time, or show cause in writing why the case should not be dismissed for failure to prosecute. The deadline for responding to this order was May 15, 2015.

On May 19, 2015 (four days after the show cause deadline), plaintiff's counsel filed a response to the show cause order. Plaintiff's response stated in part as follows:

> 1. On 05/06/2015, this Court issued an Order to Show Cause requesting an estension [sic] of time, or show cause why this matter should not be dismissed.
>
> 2. Concurrently, herewith, Plaintiff filed her Fourth Plaintiff's Motion for Enlargement or Extension of Time to File Plaintiff's Brief, which asks that this Court grant the Plaintiff until 05/31/2015 to file her Brief.
>
> 3. The Attorney for Plaintiff requests that this matter not be dismissed because the delays in filing and responding to this Court's deadlines are due to

no fault of the Plaintiff.

    4.    The Attorney for Plaintiff law partner, . . . suffered from a massive stroke on February 14, 2012,[1] and has been able to work as an attorney in a very limited capacity due to the resulting disability. He requires 24/7 home health care, and recently entered a residential nursing facility, and has been determined to be permanently and totally disabled by the Social Security Administration.

    5.    Thus, the undersigned attorney has overseen the closing of the matters in his prior office, as well as the repairing of neglected matters in his new office, all of which encompass civil suits, family law matters, social security claims, workers' compensation claims, personal injury suits, juvenile and criminal matters as well as bankruptcy proceedings.

    6.    Furthermore, the Attorney for Plaintiff replaced the Social Security paralegal staff members assigned to this matter, and client files were not updated during that time, which occurred during a holiday, as well as during inclement weather. Therefore, the undersigned attorney has not been afforded adequate opportunity to respond to all requests in a timely fashion because he was handling all administrative, procedural and substantive aspects of the firm's business under very difficult circumstances.

I am unclear to what plaintiff's counsel was referring when he stated that he had "not been afforded adequate opportunity to respond to all requests in a timely fashion." Plaintiff's counsel simultaneously filed a motion for additional time to file plaintiff's brief. The motion again relied on the replacement of paralegal staff members, the failure to update client files during that personnel transition, a holiday, and inclement weather. There was no explanation as to why the last two deadlines had been missed and emails from the court had been ignored resulting in the issuance of two show-cause orders. Plaintiff requested an extension of time through "Sunday, 05/31/2015". Plaintiff's motion for additional time was granted, and the deadline for filing plaintiff's brief was extended to June 8, 2015.

---

[1] I note that this occurred approximately 3 1/2 years ago.

3

Case 6:14-cv-03093-REL   Document 22   Filed 07/23/15   Page 3 of 9

June 8, 2015, came and went. On June 30, 2015, after receiving no further communication from plaintiff's counsel, I entered the third show-cause order which stated as follows:

> Plaintiff filed this Social Security disability appeal on March 5, 2014 -- nearly 16 months ago. Four extensions of time have been granted and two show-cause orders have been entered after deadlines for plaintiff's brief passed. Most recently, an extension of time was granted due to extraordinary circumstances with counsel's staff and law partner. The deadline for filing plaintiff's brief was extended to June 8, 2015. To date, no brief has been filed and no request for extension of time has been sought. Although I understand that Social Security disability attorneys have had an extraordinarily heavy workload in recent years, I also note that the entire administrative transcript in this case is only 412 pages long with only 152 pages of medical records, which does not seem to justify the length of time this case has been pending.
> It is
> ORDERED that plaintiff show cause in writing by July 14, 2015, why this case should not be dismissed for failure to prosecute. Alternatively plaintiff may file her brief by that date.

July 14, 2015, came and went. To date, I have received no response of any kind from plaintiff's attorney.

Federal Rule of Civil Procedure 41(b) states as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

A federal court need not wait for a motion to dismiss by a defendant; the court has the inherent power to dismiss a case sua sponte for failure to prosecute. Chambers v. Nasco, Inc., 501 U.S. 32, 49 (1991); Link v. Walbash R. Co., 370 U.S. 626 (1962). Upheaval in counsel's law practice is given little weight, especially when multiple deadlines are missed. Blarek v. Commissioner of Social Security, 2013 WL

2941298 (E.D. Mich., June 14, 2013) (citing Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 398 (1993)).  See also Deym v. von Fragstein, No. 97-3097, 97-3127, 1997 WL 650933 (6th Cir., October 16, 1997) (finding little weight in the reason of "loss of a long-term paralegal assistant, illness of an entrusted associate, and an extraordinary personal workload").  In Hunt v. City of Minneapolis, Minnesota, 203 F.3d 524, 528 n.3 (8th Cir. 2000), the Eighth Circuit rejected counsel's excuses for missed deadlines:

> Hunt's counsel attempts to explain the delays by arguing that his schedule was overburdened and that he was confused by his simultaneous participation in state and federal cases.  Such excuses cannot be deemed valid, however, lest the courts be rendered unable to enforce any orders or procedural rules.  Cf. Sutherland v. ITT Continental Baking Co., Inc., 710 F.2d 473, 475-477 (8th Cir. 1983) (attorney carelessness is not "excusable neglect" under Rule 60(b)); Buckley v. United States, 382 F.2d 611, 613-615 (10th Cir. 1967) (attorney's busy law practice does not excuse errors so as to justify relief under predecessor to Rule 60(b)).

While courts are hesitant to punish plaintiffs for their counsel's neglect, the Supreme Court has held that clients are accountable for the actions of their counsel, even if the result is what seems to be an unjust penalty on the client.  Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. at 396.  Other Social Security disability appellants have suffered dismissal of their cases with prejudice based on the failure of their lawyers to prosecute the case.  See Brinkley v. Commissioner of Social Security, 2015 WL 1637598 (E.D. Michigan, April 13, 2015) (counsel missed the first deadline for filing plaintiff's brief and then failed to respond to a show-cause order); Blarek v. Commissioner of Social Security, 2013 WL 2941298 (E.D. Michigan, June 14, 2013) (counsel failed to file plaintiff's brief after having

obtained two extensions of time, then failed to file objections to a Report and Recommendation recommending dismissal). Other civil plaintiffs have suffered similarly. For example, in Young v. Broaddus, 555 Fed. Appx. 638 (8th Cir. 2014), counsel did not identify an expert by the deadline in the scheduling order and did not request additional time before the deadline passed. The case was dismissed with prejudice. In Luney v. SGS Automotive Services, Inc., 432 F.3d 866 (8th Cir. 2005), failure to file a proposed scheduling order resulted in dismissal with prejudice. In Doe v. Cassell, 403 F.3d 986 (8th Cir. 2005), the plaintiff's third amended complaint was dismissed with prejudice because counsel had failed to follow the court's order to delineate defendants and identify their respective acts or omissions, despite being given multiple attempts to do so.

By contrast, in Smith v. Gold Dust Casino, 526 F.3d 402, 404-405 (8th Cir. 2008), the court of appeals reversed a dismissal with prejudice after noting that the district court had not given any warning that failure to comply with discovery deadlines would result in dismissal; there had been no flagrant disregard for deadlines or orders; and the plaintiff was acting pro se during part of the case and was in the hospital, was trying to find an attorney, and was keeping the court informed of attempts to comply with discovery and deadlines. An attorney was hired before the defendant filed the motion to dismiss based on failure to meet discovery deadlines, and that motion to dismiss was filed eight months after the fact. The court of appeals held that the district court should have given warning beyond telling plaintiff he was "skating on thin ice" and should have considered less drastic sanctions.

6

In <u>DiMercurio v. Malcom</u>, 716 F.3d 1138 (8th Cir. 2013), the court of appeals reversed a dismissal with prejudice, finding an abuse of discretion. In that case, a week before the September 4, 2012, trial date, the district court sua sponte rescheduled the trial for October 15, 2012. Plaintiff and two of his witnesses had already planned a non-refundable trip overseas for the week of October 15, believing the trial would take place on September 4 as originally scheduled. Plaintiff's attorney moved for a continuance, but the trial court denied the motion. Plaintiff's attorney filed a motion to reconsider, explaining that the trip was non-refundable and involved two key witnesses in addition to the plaintiff himself. The court denied the motion. On the day of trial, plaintiff's attorney again asked for a continuance and the court denied the request. "Since he believed that he had no other option, as he had no witnesses available, Mr. DiMercurio's counsel told the court that 'the plaintiff is not going to go forward with this.'" The court dismissed the case with prejudice. The court of appeals reversed.

> The circumstances of this case are quite different from those in our relevant precedents where we have used the aforementioned principles to review Rule 41(b) dismissals with prejudice. In those cases, there was an ongoing pattern of delay, a persistent failure to prosecute, or a disobedience of court orders on the part of the plaintiff. . . . Here, Mr. DiMercurio and his attorney faithfully prosecuted the case and obeyed court orders and the rules until the attorney appeared in court on the day of trial and stated, prospectively, that Mr. DiMercurio was unable to prosecute his case.
>
> While a "plaintiff need not have acted in bad faith" to warrant a Rule 41(b) dismissal with prejudice, we do look at the plaintiff's state of mind and the attendant circumstances when reviewing a dismissal for abuse of discretion. The circumstances in this case stem from the district court's denial of the plaintiff's motions for a continuance, which we also review for abuse of discretion. In denying the motion for a continuance on the day of trial, the court acknowledged that the plaintiff had already moved twice for a continuance, and that if it "had been able to continue this trial to accommodate the plaintiff" it

would have, but it could not.  The court also recognized that it was "unfortunate" that the plaintiff "had this trip that he had planned" with "nonrefundable tickets" and that there were "some potential witnesses who were going on the trip as well."  The court decided, however, that the plaintiff "weighed the lawsuit against losing the costs of the trip" and "chose to go on his trip" and that, even "if his other witnesses weren't willing to stay and even if they couldn't be compelled to stay," the plaintiff would be "the best person to testify about his injuries and how they affected him."

The record here shows no evidence of why the district court could not have accommodated its schedule, the defendant's schedule, and the plaintiff's schedule in continuing the case to a later date.  And we think that Mr. DiMercurio had a good basis for a continuance:  He and his witnesses to injuries that he suffered in the automobile accident had scheduled the trip before the court sua sponte and without notice moved the date of his trial to the week of the trip.

The conduct in this case is a far cry from Smith v. Gold Dust Casino and DiMercurio v. Malcom.  Nothing of substance has been done in this case during the 17 months it has been pending.  Plaintiff's second motion for additional time was filed after the deadline had passed.  An email from my law clerk went unanswered.  A show-cause order was entered a month after plaintiff's deadline.  Another extension of time was granted, but that deadline passed as well.  Another email from my law clerk went unanswered.  Five weeks after the deadline for plaintiff's brief, the second show-cause order was entered.  The deadline in the show-cause order passed before plaintiff's counsel finally responded, explaining his missed deadlines by referring to a stroke suffered by his law partner more than three years earlier in addition to the same staff changes/holiday/bad weather he had cited as excuses for missing his deadline 3 1/2 months earlier.  A new deadline was set, giving plaintiff more time than counsel had requested.  That deadline has passed, a third show-cause order has been done, and the deadline for responding to the show cause order has also passed.
8

I find that there has been an ongoing pattern of delay, a persistent failure to prosecute, and a disobedience of court orders on the part of plaintiff through her counsel. Therefore, it is

ORDERED that, pursuant to Federal Rule of Civil Procedure 41(b), this case is dismissed with prejudice.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
July 23, 2015